**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HENRY REYES CHAVEZ,

        Plaintiff,

v.                                                                                  09-CV-1205 BB/WPL

CORRECTIONAL MEDICAL SERVICES et al.,

        Defendants.

**ORDER**

This matter is before me on Plaintiff Henry Reyes Chavez's opposed motion for supplemental briefing. (Doc. 120, 123.) On July 6, 2011, I ordered the Defendants in this matter to submit a *Martinez* report to the Court. (Doc. 106.) August 5, 2011, Defendants Correctional Medical Services ("CMS"), Patricia Kelly, and William Shannon filed a *Martinez* report. (Doc. 118.) A month later, Defendant Robert Karp entered the case. (Doc. 135.) While he was not included on the original *Martinez* report, he is currently represented by the same counsel as the other three Defendants.  After thoroughly considering the briefs and relevant law, I now GRANT this Motion.

On May 21, 2009, Chavez filed a First Amended Complaint pursuant 42 U.S.C. § 1983, the New Mexico Tort Claims Act, and common law in state court. (Doc. 2 Ex. B.) The case was removed to federal court on December 29, 2009. (Doc. 3.) On January 21, 2010, Chavez filed a motion to amend his complaint (Doc. 13), which I subsequently granted (Doc. 28). Chavez's Second Amended Complaint is approximately thirteen pages longer than the First Amended Complaint, and it includes additional factual allegations against Defendants regarding the medical care he received, as well as seven clearly articulated causes of action, three pages of damages, and a request for a jury

trial. (Doc. 31.) While the Defendants filed answers in response to the Second Amended Complaint (Doc. 33; Doc. 116; Doc. 135), the *Martinez* report filed by CMS, Kelly, and Shannon only purports to address the First Amended Complaint (Doc 118 at 1). Karp has not yet filed a *Martinez* report, presumably because he joined the case after I issued the Order.

Chavez moved for supplemental briefing on the grounds that Defendants have failed to supply all of the documents in connection with his allegations. (Doc. 120.) Chavez quoted the relevant potion of my order, which instructed the Defendants as follows:

> Defendants must abide by the following instructions in preparing their report.
>   1) The report must include a written brief that discusses Chavez's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995).
>   2) The report must state whether records pertaining to the allegations exist.
>   3) The report must state whether policies or regulations addressing the allegations exist.
>   4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006).

(Doc. 106 at 2-3.)

In his Second Amended Complaint, Chavez made the following allegations against CMS, Shannon, Karp, and Kelly:

> 1) failure to report assaults/beatings they personally witnessed; 2) failure to provide adequate pain medication as ordered by Plaintiff's Doctors; 3) failure to ensure that medications are reordered before they expire; 4) delays in medical appointments, follow-up appointments, off site-appointments; 5) failure to provide physical therapy; 6) refusal to ensure that Plaintiff receives back surgery as recommended by his back surgeon.

(Doc. 31 at 20.)

After reviewing the evidence provided in the *Martinez* report, I agree with Chavez. Defendants' report contains Chavez's medical records and prescription administration records from

May 2006 through November 2007. (Doc 118 Ex. B.) It also contains a thorough statement of the facts. Nowhere, though, does the report specifically address all six of Chavez's allegations, nor does it state clearly whether records or policies exist with respect to some of his allegations. For example, Chavez alleges that on two separate occasions, CMS doctors witnessed assaults on Chavez by correctional officers but failed to document or report the assaults. (Doc. 31 at 8-9, 10, 20.) Naturally, medical records would not contain sufficient information regarding these allegations. Defendants must clearly state whether there was surveillance footage, grievances, or reports regarding the incidents, or whether there are policies or regulations regarding the conduct of CMS staff in such situations. Chavez also claims that he was denied timely treatment and access to surgery or physical therapy, but Defendants did not state whether there are policies or regulations concerning these allegations.

Thus, I now GRANT Chavez's motion and ORDER that:

1. CMS, Shannon, and Kelly submit supplemental briefing consistent with this order by **December 23, 2011**;

2. Karp file a *Martinez* Report or join the report submitted by his co-Defendants by **December 23, 2011**;

3. Chavez file one response to both the first *Martinez* Report and the Supplemental Report by **February 1, 2012**, and Defendants file their reply by **February 17, 2012**; and,

4. The briefing schedule contained in my Order Granting Chavez's Motion for Extension of Time to File Response/Reply to Defendant's Martinez Report (Doc. 151) is VACATED.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.